IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KAYLA BUTTS, Individually and on behalf of her daughter A.F., a minor,

       Plaintiffs,

v.

BERKELEY MEDICAL CENTER, et al.,

       Defendants.

Case No.  3:16-cv-00053 (GROH)

**ORDER APPROVING SETTLEMENT OF CLAIMS
OF MINOR FOR PERSONAL INJURIES**

On April 6, 2017 came plaintiff, Kayla Butts as parent and guardian of A.F., a minor, in person and her attorney and came also the defendants, Berkeley Medical Center and Avinash Purohit, M.D., by counsel, and thereupon said plaintiff, as aforesaid, presented to the Court her Petition asking for permission to settle the claims of her child, A.F., against defendants Berkeley Medical Center and Avinash Purohit, M.D.  Said Petition has been inspected by the Court and found to be sufficient, was ORDERED to be, and the same is hereby, filed herein.

Thereupon, came Tracy Weese, Esq., as Court Appointed Guardian *ad litem* of the minor, the Guardian *ad litem* appeared in Court and tendered a Report, as required by the Code of West Virginia, and said Report, being inspected by the Court and found to be sufficient, was ORDERED to be, and the same is hereby, filed herein.

Also came Mr. Jake Duvall, of Advocacy Trust, a financial consulting firm charged with obtaining an appropriate structured payment as part of the settlement.

Also came plaintiffs' and settling defendants' counsel.

Thereupon this matter came to be heard upon the Petition, Report of the Guardian *ad litem* as aforesaid, evidence presented to the Court with respect to the matters set forth in said

Petition, and upon statements of the plaintiff, Kayla Butts, Jake Duvall, and of counsel, and the denial of the allegations by said defendant, it appearing to the Court that said defendants have offered to pay to A.F., as aforesaid, in full and final settlement of the claims of the minor, A.F., for the injuries and damages allegedly sustained, all as is more fully set forth in said Petition, the total sum as set forth in said Petition and the Release included therein as Attachment A to A.F., in full and final settlement of all claims against said defendants only, and it further appearing from the circumstances under which said incident occurred, the nature of the injuries allegedly sustained by the minor, that said offer is fair and reasonable and that another defendant is still a party in the case for damages allegedly sustained as described in the Petition and pleadings in this case and by the witness this day heard by the Court, as aforesaid.

The Court hereby finds that said partial settlement is fair, reasonable, and in the best interest of the minor, A.F. IT IS HEREBY ORDERED that the plaintiff be, and is hereby granted, the relief prayed for in her Petition, and permission is hereby granted to plaintiff to accept the sum as set forth in the Petition from said defendants Berkeley Medical Center and Avinash Purohit, M.D., in full and final settlement of all claims against all said defendants on this matter, their assigns and representatives, arising as a result of the incident which is the subject of this proceeding, and upon payment of said sum, the plaintiff is authorized and directed to execute and deliver to said Defendants, a full and complete release, releasing said named parties, their assigns and representatives, from any and all claims arising out of the incident which is the subject of this proceeding.

Thereupon, the defendants Berkeley Medical Center and Avinash Purohit, M.D., by their respective attorneys, then and there in open Court, agreed to pay to plaintiff, A.F., a minor, the sum as set forth in said Petition in full and final settlement of all individual claims of said

2

plaintiff, A.F., a minor, concerning all claims against the said named parties, their assigns and representatives, because of injuries and damages allegedly sustained by A.F., a minor, as a result of the incident herein above mentioned, all as is more fully set forth in the Petition heretofore filed herein, and said plaintiff then and there executed and delivered to said Defendants, their assigns and representatives, a Release from any and all liability to said plaintiff, A.F., as aforesaid, all as is provided in the Code of West Virginia.

It is understood that Plaintiff's claim against the remaining defendant, United States Government, will continue and is not herein resolved.

It is also understood that any claim of Kayla Butts individually against said defendants, only, is dismissed.

Said total sum as set forth in the Petition is being paid by or on behalf of said defendants, Berkeley Medical Center and Avinash Purohit, M.D., their agents, servants, and employees, in the following manner.

Checks in the amount set forth in the Petition will be payable to "Paulson & Nace, PLLC; Escrow Account" counsel for plaintiff, A.F.

Counsel for plaintiff, A.F., will then distribute said sum of money as set out in Exhibit E (the Statement of Account) of said Petition. With respect to said Exhibit E, as described therein, counsel for A.F. is permitted to retain in their Escrow Account the sum of $50,000.00 for future trial expenses and an amount as set forth in Exhibit E if necessary for payment to the "State Victims Fund". Any amount of said Escrow Account not paid for expenses or to said fund shall be reimbursed to A.F.'s Trust.

All sums set forth herein constitute damages on account of personal injuries or sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

The Plaintiff has been informed and believes that the minor, A.F., is a disabled person as defined by Social Security Act Sec. 1614(a)(3) (42 U.S.C. 1382c(a)(3)) and as a consequence of that disability is entitled to and in fact is currently receiving the public health benefits commonly known as Medicaid. It has come to the Plaintiff's attention that the receipt of funds by or on the behalf of A.F., either as a lump sum or by a structured settlement, could result in the loss of those Medicaid benefits. It is in the best interest of A.F. to retain said beneficiary's eligibility for benefits under the Supplemental Security Income (SSI) and/or Medicaid programs and any other "means-based" benefit program which may be available to assist A.F. with medical care and support needs.

Federal statutory and regulatory guidelines (42 U.S.C.§1396p(d)(4)(A)) provide that a trust for a disabled person under age 65 (i) which contains that person's assets, (ii) which is established for that person's benefit by the person's parent, grandparent, legal guardian or a court, and (iii) which provides that the state will receive all amounts remaining in the trust upon the death of the disabled person up to the amount of Medicaid assistance provided to the person by the state since the inception of the trust, will not be considered assets of the disabled person for Medicaid or SSI qualification purposes.

Plaintiff is informed and believes that pursuant to 42 U.S.C.§1396p(d)(4)(A), that this Court may establish a Special Needs Trust for the benefit of A.F. to hold and manage the settlement funds. Inasmuch as such statutes and regulations allow for eligibility for such programs while preserving the recipient's assets in a discretionary special needs trust designed to meet the needs of such disabled person not otherwise met by governmental programs, it is in the best interest for such a special needs trust to be established and for all settlement funds, including all funds and assets currently held by the Trustee for A.F. and any settlement payments received

in the future to the A.F. Irrevocable First Party Special Needs Trust, as presented to the Court. Further information in regards to the trust planning as well as a copy of the trust is attached hereto. The net settlement proceeds set forth in Attachment E shall be placed into the Special Needs Trust.

The Trust for A.F., a minor, has been prepared by Heather Dern Meyers, Esq. and is attached to the Petition as Attachment B. The Trust Fund shall be administered by the Trustee as set forth in Attachment C to the Petition.

Plaintiff further represents that in bringing this action, the services of two law firms, Paulson & Nace and Burke Schultz Harman & Jenkinson were retained and that the following counsel all performed services pursuant to said contractual agreement: Barry J. Nace and Christopher T. Nace (of Paulson & Nace), and D. Michael Burke.

The Court notes that counsel on behalf of the plaintiffs have had extensive experience in medical malpractice cases and, Barry J. Nace, is Board Certified in Civil Trial Advocacy and by the American Board of Professional Liability Attorneys in medical malpractice litigation. Medical malpractice cases are extremely difficult. Plaintiffs' counsel has spent extensive time and labor on this case. They obtained experts in California, Kentucky, Pennsylvania and New Jersey. They utilized nearly $60,000.00 of their own money to pursue the case on behalf of A.F. and were prepared to pay substantially more if the case proceeded to trial. It is noted that the expert witness fees alone were in excess of $25,000.00 and that expert physicians and other experts involved charged $500.00 to $750.00 per hour for their services. Counsel also used videoconferencing extensively to help keep the costs as low as possible. The customary contingency fee for complex medical malpractice cases such as this one is well known to be 40% of any recovery. The Court notes that there were undesirable elements of the case for plaintiff,

including the fact that most of the factual witnesses including the record-keeper were employees of defendants. There were also contested issues of facts concerning the events as well as disputes between the experts. Plaintiffs' counsel also obtained a Life Care Plan and an economic evaluation.

It is also well known that the vast majority of malpractice verdicts are in favor of the healthcare provider. It is clear that when counsel agreed to represent A.F. there was certainly no guarantee of any fee. Even after extensive discovery, defendant continued to claim, as it still does, that they were not negligent. There were accordingly substantial risks involved to the plaintiffs in proceeding to trial on this matter with the possibility of losing the case or obtaining a jury verdict for less than the final offer. Plaintiff also had to consider the value of immediately obtaining substantial funds for A.F. versus not having funds for perhaps several more years. The Court believes that they have received appropriate counsel from their attorneys.

The Court is thus satisfied that plaintiffs' counsel has appropriately represented A.F. in a difficult case and obtained an eminently good result.

The Court also notes that Frank Fragale, Esq. served as a Mediator in this case and performed extensive and extremely satisfactory work while the entire case was not settled at mediation, after the mediation the Plaintiff and two of the Defendants were able to reach settlement.

After considering the amount to be paid as damages, the age and necessities of the minor, the nature of the injuries, the difficulties involved in effecting the settlement and legal fees and expenses paid to attorneys in similar cases, the Court finds that the total attorney fees and the costs incurred, all as set forth in Attachment E of said Petition are fair and reasonable to compensate and reimburse plaintiffs' attorneys for their services in this matter.

IT IS FURTHER ORDERED that Tracy Weese, Esq., Guardian *ad litem* heretofore appointed in this proceeding, be allowed a fee in the amount of Two Thousand Four Hundred Twenty Dollars ($2,420.00), which fee is to be charged to, and satisfied by, defendants Berkeley Medical Center and Avinash Purohit, M.D.

IT IS ORDERED that, due to the fact that the net settlement proceeds will be placed in a Special Needs Trust, there is no necessity for a bond and/or referral to the Fiduciary Commissioner.

IT IS FURTHER ORDERED that this action against defendants Berkeley Medical Center and Avinash Purohit, M.D. only, including all claims for indemnification and contribution, be, and the same is hereby, fully and finally dismissed, as compromised, agreed and settled, with prejudice.

IT IS FURTHER ORDERED that distribution of the funds be completed no later than April 30, 2017.

IT IS FURTHER ORDERED that each of the parties shall bear their own costs of this action, save for the fee for the Court-appointed Guardian *ad litem*, which is to be paid by the defendant.

The Clerk is hereby directed to send copies of this Order to: Christine S. Vaglienti, Esq., West Virginia University Hospitals, Inc., P.O. Box 8128, Morgantown, WV 26506, co-counsel for defendant City Hospital, Inc.; Matthew P. Moriarty, Esq., Tucker Ellis LLP, 950 Main Avenue, Ste 1100, Cleveland, OH 44113, co-counsel for defendant Berkeley Medical Center; Margaret Miner, Esq., Shuman, McCuskey & Slicer, PLLC, 1445 Stewartstown Road, Ste 200, Morgantown, WV 26505, co-counsel for defendant Avinash Purohit, M.D., Barry J. Nace, Esq., Paulson and Nace, PLLC, 1615 New Hampshire Ave, NW, Washington, D.C. 20009, counsel for

plaintiffs; D. Michael Burke, Burke Schultz Harman & Jenkinson; P.O. Box 1938, Martinsburg, WV 25401; co-counsel for plaintiffs, Frank Fragale, Esq., Mediator; and Tracy Weese, Esq., Guardian *Ad Litem*.

ENTERED this ____ day of _____, 2017.

_____
Honorable Judge Groh

**PREPARED BY:**

 */s/ Barry J. Nace*___
Barry J. Nace, Esq. #7313
Paulson and Nace, PLLC
1615 New Hampshire Ave, NW
Washington, DC 20009
*Counsel for Plaintiffs*


**APPROVED FOR ENTRY:**

 */s/ D. Michael Burke*_____
Michael Burke, Esq. #550
Burke Schultz Harman & Jenkinson
P.O. Box 1938
Martinsburg, WV 25401
*Co-counsel for Plaintiffs*

*/s/ Christine S. Vaglienti*_____
Christine S. Vaglienti, Esq. #4987
Associate Litigation Counsel
**WEST VIRGINIA UNIVERSITY HOSPITALS, INC.**
P.O Box 8128
Morgantown, WV  26506-4199
Telephone: (304) 598-4199
Facsimile: (304) 598-4292
*Counsel for Defendant City Hospital*

8

  */s/ Matthew Moriarty*
Matthew Moriarty, Esq. #4571
Tucker Ellis LLP
950 Main Avenue
Ste 1100
Cleveland, OH 44113
*Co-Counsel for City Hospital, Inc.*

  */s/ Margaret Miner*
Margaret Miner, Esq. #10329
Shuman, McCuskey & Slicer, PLLC
1445 Stewartstown Road
Ste 200
Morgantown, WV 26505
*Counsel for Avinash Purohit, MD*