IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**KAYLA BUTTS, individually**
**and on behalf of her daughter**
**A.F., a minor,**

       Plaintiffs,

v.                                                                                    CIVIL ACTION NO.: 3:16-CV-53
                                                                                                                  (GROH)

**UNITED STATES OF AMERICA,**

       Defendant.

### ORDER OF POST-VERDICT COLLATERAL SOURCE HEARING AND JUDGMENT IN FAVOR OF THE PLAINTIFFS

On February 6, 2018, this Court held a post-verdict, pre-judgment collateral source hearing to determine whether any offset of the verdict award was warranted. At the hearing, Plaintiffs appeared by counsel, Barry Nace, Matthew Nace and Michael Burke, and the Defendant appeared by counsel, Erin Reisenweber and Erin Tison.

This Court entered its Order of Bench Trial on January 17, 2018, finding in favor of the Plaintiffs in the amount of $7,136,891.47. See ECF No. 184 at 26. Therein, the Court also scheduled a hearing pursuant to W. Va. Code § 55-7B-9a. Based upon the following, the Court finds that the Defendant did not meet its burden establishing that an immediate offset for past or future medical expenses is appropriate.

Under West Virginia common law, a tortfeasor cannot receive an offset or credit against the injured party for payments received by other, collateral sources. See Kenney

v. Liston, 760 S.E.2d 434, 440 (W. Va. 2014).  The MPLA modifies this collateral source rule for cases involving medical professional liability, permitting an offset in damages. See Manor Care, Inc. v. Douglas, 763 S.E.2d 73, 87 (W. Va. 2014). The MPLA defines collateral sources as "[a]ny federal or state act, public program or insurance which provides payments for medical expenses." W. Va. Code § 55-7B-2b.

Under the MPLA, past medical payments are separated from future medical payments when determining whether a defendant should be awarded an offset for collateral source payments.  Regarding past payments, the "defendant who has been found liable to the plaintiff for damages for medical care . . . may present to the court, after the trier of fact has rendered a verdict, but before the entry of judgment, evidence of payments the plaintiff has received for the same injury from collateral sources."  W. Va. Code § 55-7B-9a(a).  To present evidence of future payments from collateral sources, the Court must first determine that the following three preconditions have been met: (1) the collateral source has "a preexisting contractual or statutory obligation" to pay the benefits; (2) "[t]he benefits, to a reasonable degree of certainty, will be paid to the plaintiff for" future expenses as determined by the court; and (3) the future medical payments are "readily reducible to a sum certain."  W. Va. Code § 55-7B-9a(b).

The MPLA also contains a list of exceptions that preclude an offset based upon collateral source payments.  W. Va. Code § 55-7B-9a(g).  Courts are prohibited from reducing the amount awarded in a verdict based upon (1) "[a]mounts paid to or on behalf of the plaintiff which the collateral source has a right to recover from the plaintiff through subrogation lien or reimbursement"; (2) "[a]mounts in excess of benefits actually paid or to be paid" to the plaintiff by the collateral source; (3) proceeds from individual disability

or income replacement insurance paid for entirely by the plaintiff; (4) a plaintiff's, or her family's, assets and (5) any settlement awards from other tortfeasors.  Id.  All of these promulgations were considered at length by the Court prior to and during the collateral source hearing.

In the Court's Order of Bench Trial, Plaintiffs were awarded the following amounts:

| | |
|---|---|
| Kayla Butts for past medical bills | $99,246.98[1] |
| Kayla Butts for past services (4 years) | $125,232.00 |
| A.F. for future lost earning capacity | $1,631,125.00 |
| A.F. for future healthcare costs | $4,607,834.00 |
| A.F. for non-economic Damages | <u>$673,453.49</u> |
| **TOTALING:** | **$7,136,891.47** |

At the collateral source hearing, the only evidence tendered by the Defendant was the testimony of Homayoun Hajiran.  Mr. Hajiran testified that the Court should offset its award by $609,807.00 based upon Social Security Income payments A.F. will allegedly receive in the future and $179,989.00 for future Medicaid reimbursements.  The Court found Mr. Hajiran's testimony less competent than the Plaintiffs' expert, Chad Staller.  Indeed, just as it was during the bench trial in this matter, Mr. Staller's testimony was competent and credible, and he relied upon an appropriate methodology to calculate the figures in question.

However, an offset does not need to be calculated in this matter.  At the outset of the collateral source hearing, the Court asked counsel for the Defendant how the instant case is significantly distinguishable from Simms v. United States, Civ. Action No. 3:11-

---

[1] The parties previously stipulated to this amount. See ECF No. 171.

0932, 2017 WL 3317417 (S.D. W. Va. Aug. 3, 2017).  Although the Defendant was able to articulate some factual inconsistencies between the cases, they were distinctions without a difference.  This Court reviewed the <u>Simms</u> case at length and finds Judge Chambers's reasoned analysis quite persuasive.  Factual differences aside, the Court finds the analysis in <u>Simms</u> is applicable here.

Regarding an offset of future payments, the Court specifically finds that the Defendant has failed to meet its burden regarding W. Va. Code § 55-7B-9a(b)(2).[2]  Specifically, the Defendant's arguments did not persuade this Court to find that "[t]he benefits, to a reasonable degree of certainty, will be paid to the plaintiff for expenses the trier of fact has determined the plaintiff will incur in the future."  W. Va. Code § 55-7B-9a(b)(2).  There was some argument alluding that these benefits have always been, and therefore will always be, available.  However, the question before the Court is clear: will the benefits be paid *to a reasonable degree of certainty*?  "[T]here is real concern that the extent of Medicaid coverage will shrink in the future, which will, in turn, cut benefits to the qualified citizens of the state." <u>Simms</u>, at *5.

In response, the Defendant here, just as in <u>Simms</u>, cited <u>United States v. Brooks</u>, arguing that it had indeed met its burden under 55-7B-9a(b)(2).  With regard to "finding a reasonable degree of certainty [exists] even when future disability payments could involve some uncertainty[,]" Brooks instructs this Court to use "its best judgment after all the facts and circumstances of the case have been taken in consideration." <u>Simms</u>, at *5; <u>United States v. Brooks</u>, 176 F.2d 482, 484 (4th Cir. 1949).  Upon review and consideration, it is

---

[2] At the hearing, Plaintiffs did not contest subsections (b)(1) or (b)(3), as both of these preconditions are readily satisfied.  Accordingly, the Court focuses its analysis herein solely upon (b)(2).

4

this Court's "best judgment" that "reasonable certainty" does not exists regarding the future payment of A.F.'s benefits.

Accordingly, this Court holds that the Defendant has failed to demonstrate that any offset pursuant to W. Va. Code § 55-7B-9a is warranted as a matter of law.  Therefore, the Court **ORDERS** that the Clerk of Court **ENTER JUDGMENT IN FAVOR OF THE PLAINTIFFS** in the amount of **$7,136,891.47.**

The Clerk is further **DIRECTED** to remove this case from the Court's active docket and to transmit copies of this Order to all counsel of record herein.

**DATED**: February 22, 2018.

_____
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE