IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**KAYLA BUTTS, individually
and on behalf of her daughter
A.F., a minor,**

    **Plaintiff,**

v.                                  **CIVIL ACTION NO.: 3:16-CV-53
JUDGE GROH**

**UNITED STATES OF AMERICA,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This case is before the undersigned pursuant to a referral order (ECF No. 198) entered by United States Chief District Judge, Gina M. Groh, on March 27, 2018. For the reasons discussed below, Defendant's objections to Plaintiff's Bill of Costs are granted in part and denied in part as indicated below.

### I.     Procedural History

On March 2, 2018, Plaintiff[1] filed a timely Bill of Costs (ECF No. 193) detailing the costs it seeks to have reimbursed from the United States following a verdict in the Plaintiff's favor on February 22, 2018. On March 15, 2018, the sole defendant, the United States, filed its *Objections to Bill of Costs* (ECF No. 194) objecting to the large costs of the transcripts, fees of the clerk for the Berkeley and Jefferson County filings, fees for Service of Process, and the fees for "Other Costs" that were detailed on the Bill. Thereafter on March 20, 2018, Plaintiff filed her

---

[1] The record reflects that both terms "plaintiffs" and "plaintiff" are used to refer to Kayla Butts in her individual capacity and in the representative capacity of her daughter. Although there are two interests being represented, the term "plaintiff" will be used in this Order to refer to Kayla Butts.

*Response to Defendant United States' Objections to Plaintiff's Bill of Costs*. (ECF No. 195). The Plaintiff added several additional costs for "service of process" for witnesses and, for the first time, produced receipts for service of process to all individuals named, transcripts and video, and expert reports. (ECF No. 195). On March 27, 2018, the defendant filed its *Reply to Plaintiff's Response to the United States of America's Objection*. (ECF No. 199). The Reply argued that only service through United States' Marshal's is taxable, some of the transcripts that Plaintiff attempt to tax were unnecessary to the Plaintiff's case, and the affidavit provided in the Plaintiff's Response does not detail the necessary information for taxing copying costs under § 1920. Subsequently on March 28, 2018, Plaintiff filed its *Response to Defendant United States' Reply to Plaintiff's Response to Defendant's Objections to Plaintiff's Bill of Costs*. (ECF No. 200). In this Response, Plaintiff reiterated her prior argument that the United States was wrong.

## II. Applicable Law

Rule 54 of the Federal Rules of Civil Procedure allows a prevailing party to recover certain costs accrued during the course of litigation. When the judgment is against the United States, "costs . . . may be imposed only to the extent allowed by law." FED. R. CIV. P. 54. "A judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses or attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States . . . ." 28 U.S.C. § 2412 (a)(1). "A party seeking an award of fees and other expenses" will have thirty days to submit their bill of costs for court approval. Id. (d)(1)(B). This rule creates a presumption that costs should be awarded to the prevailing party. Delta Air Lines, Inc.v. August, 450 U.S. 346, 352 (1981). A District Court "must justify its decision by 'articulating some good reason for doing so'" to overcome this presumption. Teague v. Bakker, 35 F.3d 978, 995-96 (4th Cir. 1994).

Under 28 U.S.C. § 1920, a prevailing party is allowed to tax the following costs that were necessary in the litigation:

1. Fees of the clerk and marshal;

2. Fees for printed or electronically recorded transcripts necessarily obtained for the use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

5. Docket fees under section 1923 of this title;

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The prevailing party, when submitting a bill of costs to a court, "bears the burden of demonstrating that the costs sought were 'necessarily obtained for use in the case.'" Councell v. Homer Laughlin China Co., 5:11CV45, 2012 WL 1981792 (N.D.W. Va. June 1, 2012). Whether or not the actual costs requested will be awarded is in the "sound discretion of the court," and the court must examine the costs with "careful scrutiny." Id. at *1.

Plaintiff provided the Court with AO Form 133 with the costs detailed as follows:

| | |
|---|---|
| Fees of the Clerk: | $851.34 |
| Fees for Service of summons or subpoena: | $2,893.20[2] |
| Fees for printed or electronically recorded transcripts: | $19,256.60[3] |
| Fees and disbursements for printing: | $7,514.42 |
| Other costs: | $9,821.08[4] |

---

[2] In the Plaintiff's March 20, 2018, *Response to Defendant United States' Objections to Plaintiff's Bill of Costs*, Plaintiff added nine (9) other bills for service of process, totaling an additional $1,540.85.

[3] Included in this Response, Plaintiff also added the cost of $296.35 for the deposition transcripts of Kathy Gavazzi, R.N. The Plaintiff also removed all costs for the deposition of Dr. Fassett, as his deposition was not taken in this case, which brings the total for "Printed or electronically recorded transcripts" to 17,456.60. The costs for Dr. Fassett will not be discussed.

[4] In the same Response, Plaintiff stated that, upon further inspection, that the total amounts for the Life Care Plan, the Neuro-rehab-psych Report, Economic Evaluation, and costs for mediation actually totaled $10,546.87, absent the agreed upon removal of $2,717.20 for Airfare for Counsel and $1,507.01 for lodging for counsel for the Partridge and Dr. Miller depositions.

     **Total:**                      **$40,336.64**[5]

The Court addresses each of the requests below.

### III. Legal Analysis

1. **Fees of the Clerk**

  Plaintiff's request in their Bill of Costs the total amount paid for three separate court filings, including, $291.34 for filing a complaint in Jefferson County; $280.00 for filing in Berkeley County (16-C-67); and $280.00 for filing in Berkeley County (16-C-175, which was subsequently removed as 3:16-CV-53). The United States argued that it should not be taxed for the filing costs of two separate court filings that were not involved in this particular litigation. Plaintiff's provided no reasoning as to why three separate filings were required, except to vaguely state that the reason was because of the "number of initial defendants." (ECF No. 195, p. 1). Absent a compelling reason, the Plaintiff cannot seek to recover filing fees for three different cases filed in two different counties when only one of the cases progressed.[6] The United States then argued in a subsequent response that upon further inspection, the fees of the clerk were actually $20.00 as detailed on the receipt. As such, the Fees of the Clerk for the filing in Berkeley County for case 16-C-175, for a total of $280.00, as shown by the Plaintiff receipt (ECF No. 195-1, p. 2), should be taxed to the United States.

2. **Fees for Printed or Electronically Recorded Transcripts**

  Plaintiff requested in her Bill of Costs the total amount spent on transcripts and video recorded depositions of twelve (12) witnesses. The Plaintiff provided invoices for an additional seven (7) witnesses in its *Response* on March 20, 2018; the additions simply amended the Bill of Costs, but, regardless, were still timely as they were made within the 30 days of judgment, which

---

[5] With the above referenced changes, the total amount that Plaintiff request is **$40,803.28**.
[6] 16-C-67 was removed to 3:16-CV-54, but was almost immediately dismissed based on an oral motion to dismiss.

was entered on February 22, 2018. The United States argued that the costs were unreasonably high and that the transcripts themselves were unnecessary. For a deposition transcript to be deemed necessary, "the material from the deposition need not be used at trial, but need only be 'relevant and material' for the preparation of litigation." Cofield v. Crumpler, 179 F.R.D. 510, 518 (E.D. Va. 1998) (quoting Scallet v. Rosenblum, 176 F.R.D. 522, 526 (E.D. Va. 1998)). "The proper inquiry is whether the deposition was 'necessary to counsel's effective performance and proper handling of the case.'" Id. (quoting Marcoin, Inc. v. Edwin K. Williams & Co., 88 F.R.D. 588, 590 (E.D. Va. 1980)). The costs for the exhibits included in the deposition transcripts, of which counsel already has copies, are not taxable under § 1920. Scallet, 176 F.R.D. at 527.

The deposition transcripts for the witnesses who testified at trial were reasonably necessary for their use prior to trial and during trial for impeachment purposes. The transcripts of witnesses that were deposed by other defendants, but did not testify at trial, specifically Austin Ferguson and Dr. Miller, were still necessary to the Plaintiff because the testimony of the treating doctor and the child's father is relevant and material to the case and the transcripts were needed for Plaintiff's counsel to be adequately prepared in case they were to be called as witnesses. While the United States argued that these costs are too high, the undersigned must agree with the Plaintiff in that these were the costs that were required of the Plaintiff, as evidenced by the invoices presented to the Court. While there may have been a cheaper alternative, these were the actually costs accrued.

The United States also argued that both of the deposition transcripts of Dr. Miller were unnecessary because the transcript was not used at trial and the video of Dr. Miller's second deposition was unnecessary because the Plaintiff did not inform her expert of the trial date. Dr. Miller was first deposed in November 2016 without Plaintiff's counsel present, making that

transcript necessary to Plaintiff's case. As a result of not being present for the first deposition, Plaintiff, with Court approval, could and did depose Dr. Miller for a second time making the second transcript also necessary. The video recording on Dr. Miller's deposition was also necessary because she was unable to attend the trial in person. While the United States argues that this is the Plaintiff's fault, the balancing of scheduling multiple experts does not always allow for each expert to be present at trial. See Simmons v. O'Malley, 235 F. Supp. 2d 442 (D. Md. 2002) (holding that "normal unpredictability of scheduling experts' trial testimony" allowed for a *de bene esse* deposition and prevailing party was able to collect both the cost of videotaping and transcript). Thus, the transcripts and video recording were necessary.

Dr. Lee, however, was able to testify in person at trial. Plaintiff alleges that both the video recording and transcript were necessary to their case for "editing purposes." (ECF No. 195, p. 4). Plaintiff has not provided any other explanation as to the necessity of both the trial transcript and the video recording besides what is described as a convenience for the Plaintiff's attorneys. Ramonas v. W. Va. Univ. Hosp.-East, Inc., 3:08-CV-136, 2010 WL 3282667, at *10 (N.D.W. Va. Aug. 19, 2010) (absent an adequate showing that both the video and transcript were necessary in a case, both costs cannot be taxed) (citing Cherry v. Champion Int'l Corp., 186 F.3d 442, 449 (4th Cir. 1999) ("The concept of necessity for use in the case connotes something more than convenience or duplication to ensure alternative methods for presenting materials at trial.")). Accordingly, the video recording of Dr. Miller and both of the deposition transcripts were necessary to Plaintiff's case. However, only the transcript of Dr. Lee was necessary to the Plaintiff's case.

Plaintiff also attempted to tax a video-conference fee of $650.00 to the United States for Dr. Sarah Hardy's deposition. Video-conferencing fees are not taxable under the Statute.

Ramonas, 2010 WL 3282667, at *9 (comparing the costs of video-conferencing to travel costs of counsel, which are non-taxable).

The costs for the transcripts and video recordings of depositions should include the following: $845.30 for Rebecca Pfender's deposition (minus exhibit costs); $1,524.95 for Sara Spurgeon, Shelly Palkovic, Melissa Orr, and Dawn Gonano's deposition transcripts; $1,065.50 for Tracy Swalm, Mary Beth Thompson, Heather Yost, and Sonia Justices's depositions transcripts; $1,037.80 for Austin Ferguson, Charity Patience-Butts, and Kayla Butts's depositions transcripts; $1,116.22 for Dr. Hardy's deposition transcript; $863.16 for Dr. Purohit's deposition transcript; $737.50 for Dr. Lee' deposition transcript (minus exhibit costs); $787.70 for Dr. Patridge's deposition transcript; $ 669.30 for Dr. Miller's November deposition transcripts; $580.50 for Dr. Miller's May deposition transcript (minus the $433.50 charge for same day delivery); $576.00 for Dr. Miller's video tape deposition; and $296.35 for Kathy Gavazzi's deposition transcript.

Plaintiff next request Dr. Lee's Treating Doctor Fee that the Plaintiff was required to pay to have Dr. Lee testify at trial. Dr. Lee is not a court appointed expert and thus fees for him are limited to those fees provided for under § 1821(b). Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987) ("[A] federal court may tax expert witness fees in excess of the . . . limit set out in § 1821(b) **only** when the witness is court-appointed." (emphasis added)). Thus, the taxable amount to the United States for Dr. Lee's testimony at trial would be pursuant to 28 U.S.C. 1821, which allows a $40.00 per day per diem plus $.54 a mile that he traveled, regardless of whether Plaintiff were required to pay a higher fee for his testimony. From Dr. Lee's place of employment—Winchester Medical Center in Winchester, Virginia—to the Federal Courthouse

in Martinsburg, West Virginia, is a 50.8 mile round trip. Together with the $40.00 per day witness fee, the total that should be taxed under §1920 for Dr. Lee's testimony at trial is $67.43.

The Plaintiff's Bill also requested the total cost of the entire trial transcript under two different items ($399.65 for the Trial Transcript and $3,814.55 for the Trial Testimony) for a total of $4,214.20. In its *Response* on March 20, 2018, Plaintiff provided an invoice which stated that the "estimate cost" for the entire transcript was $3,880.00 and another invoice which stated that $399.65 was paid for the trial testimony transcript. The Plaintiff argued that this estimate was the actual cost that was paid and that the United States was wrong to state that the entire trial transcript was only $399.65, but did not make clear to the Court whether the $3,880.00 total was in addition to or inclusive to the $399.65 claimed on the Bill of Costs. The Plaintiff also did not clarify why the Bill of Costs detailed a $3,814.55 cost for "Trial Testimony." The Plaintiff, however, provided **only** one invoice that details the cost for the "entire trial transcript" as $3,880.00 **with** a copy of the check as proof of payment. The total, according to the receipt provided by the Plaintiff on March 28, 2018, for the "entire trial transcript" is $3,880.00 and thus that amount should be taxed to the United States. (ECF No. 200-1, pp. 2-3). The total amount that should be taxed for "Fees for printed or electronically recorded transcripts" is $14,047.71.

**3. Fees & Disbursement for Printing**

Plaintiff provided in their Bill of Costs for $7,375.20 for "printing, copying, and scanning" and $139.22 for "postage." Postage is not a taxable item under 28 U.S.C. § 1920. Marks Const. Co. v. Huntington Nat'l Bank, 1:05CV73, 2010 WL 3418329 (Aug. 27, 2010) ("This Court also denies the plaintiff's request for costs for postage and Federal Express expenses. The costs are incidental expenses of litigation and not allowable costs under Rule 54(d) or 28 U.S.C. § 1920."). Therefore, the costs for postage should not be allowed to be taxed against the United States under § 1920.

While photocopying and printing costs are allowed under § 1920, the prevailing party "cannot simply make unsubstantiated claims that copies of the documents were necessary." Ramonas, 2010 WL 3282667 (N.D.W. Va. Aug. 19, 2010) (quoting Wilson v. Pepsi Bottling Group, Inc., 609 F. Supp. 2d 1350, 1355 (N.D. Ga. Mar. 30, 2009)). "The prevailing party must provide information regarding the purpose of the copies charged so the court will be able to determine the purpose of the copies as well as whether the rates paid for copies were reasonable, and whether the copies made were related to the action." Id. (quoting Monelus v. Tocodrian, 609 F. Supp. 2d 1328, 1355 (S.D. Fla. 2009)). Plaintiff has only provided an affidavit stating that the total cost for printing and copying was $7,375.20. The Plaintiff has not provided the number of pages copied or printed, or even an estimate; the cost to print or copy per page; the reason the copies and prints were necessary; or even an explanation as to how the cost was calculated. While the Plaintiff provided an affidavit to the Court stating that the cost is "an accurate figure based upon the normally and reasonably kept . . . charges at our office," those charges are not necessarily reasonable to the Court and with the lack of information provided, the Court is unable to find that the amount is reasonable. (ECF No. 195-4, p. 2). Absent any documentation that evidences anything other than the total spent, the Court will not tax the unsubstantiated cost of $7,514.42 to the United States. As such, the total costs that will be taxed to the United States under "Fees and Disbursement for Printing" is $0.00.

**4. Fees for Service of Summons & Subpoena**

Section § 1920 allows for the prevailing party to recover service of process fees for private process servers. EQT Corp. v. Miller, 1:11CV197, 2013 WL 2103148 (N.D.W. Va. May 13, 2018) (quoting Aflex Corp. v. Underwriters Labs., 914 F.2d 175 (9th Cir. 1990) ("[B]ecause marshal's fees include the fees for service of process, 'in making Marshal's fees taxable as costs in section 1920(1), we believe that Congress exhibited an intent to make service of process a

taxable item.'")). The United States primarily relied on the 2010 Ramonas decision which stated that the costs of private process servers cannot be taxed under § 1920. In 2013, the EQT Corp. Court explicitly stated it was taking a contrary position to its earlier decision. The Court explained that although "[t]he Fourth Circuit has not spoken on whether private process server fees are taxable . . . a majority [of courts] have determined that such fees are taxable under § 1920." 2013 WL 2103148, *2-3 (citing Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175 (9th Cir. 1990); Tang How v. Edward J. Gerrits, Inc., 756 F. Supp. 1540 (S.D. Fla. 1991), *aff'd* 961 F.2d 174 (11th Cir. 1992); Card v. State Farm Fire & Casualty Co., 126 F.R.D. 658 (N.D. Miss. 1989), *aff'd without opinion* 902 F.2d 957 (5th Cir. 1990)).

In this case, the Plaintiff utilized a private process server, which is acceptable, to serve process on each defendant. The United States referenced in a footnote that the dates provided on the Plaintiff's Bill of Costs for the service of process were prior to the date of filing for 16-C-175. As there were two Berkeley County civil cases, both involving similar defendants, some of the invoices provided by the Plaintiff contain dates for service of process that were prior to the date of the initial filing and were likely invoices related to the other Berkeley County filing (16-C-67). Under the Statute, the Court should allow the cost for service of process for each defendant that is named in this litigation, which is state case 16-C-175 because service occurred before the case was removed. As such, the following costs for service of process should be allowed: Dr. Sarah Hardy for $65.00, The United States for $65.00, and Avinash Purohit for $120.00.

The Plaintiff also provided a receipt for a private investigator for $362.85 and provided no explanation as to its purpose or the witness to which the cost belongs. Section 1920 does not allow for costs of private investigators to be taxed by the prevailing party, so the $362.85 invoice

for an unknown purpose regarding an unidentified witness should not be taxed to the United States. Plaintiff also provided two invoices from Weatherholtz Bonding for $159.00 and $200.00. These invoices, while addressed to the Plaintiff, do not indicate a case number and could easily be an invoice from any case. The only indication that these invoices belong to this case is the Plaintiff's counsel's handwritten indication on two checks that the Plaintiff's counsel then photocopied on top of the invoices. While every other invoice provides some indication for which case the invoice belongs, the Court should not allow a cost for an invoice that does not indicate to which case it belongs.

Plaintiff also provided for a $69.70 appearance fee for Dr. Lee to appear at his deposition, which includes a $40.00 witness per diem under 28 U.S.C. § 1821 and $29.70 for the 55 mile round trip. According to the United States, that deposition occurred at 103 E. Piccadilly Street, in Winchester, Virginia, which was approximately a four mile round trip from Dr. Lee's place of employment. This would bring the amount that is taxable to $42.16. This Plaintiff do not explicitly dispute that the deposition took place in Winchester, Virginia, in any subsequent response.[7] As such, the amount taxable for Dr. Lee's deposition is $42.16. The total costs that will be taxed under "Fees for Service of Summons & Subpoena" should be $292.16.

5. **Other Costs**[8]

Plaintiff provided in their Bill of Costs receipts for three expert witness reports for a total of $4,600.00. This amount was later amended to $9,550.00. (ECF No. 195, p. 7). Plaintiff argued that because Rule 26 of the Federal Rules of Civil Procedure require that a party disclose any expert's report to the opposing counsel, then this cost may be taxed to the United States.

---

[7] Plaintiff only provided a Google Maps mileage calculator webpage with the mileage from Dr. Lee's address to 95 Aikens Center Martinsburg, West Virginia with handwritten notes and no other explanation as to what this exhibit evidences.
[8] All parties have also agreed that the travel costs and airfare for the Dr. Miller and John Partridge cannot be taxed under § 1920, therefore this particular cost will not be addressed. (ECF No. 195, p. 7).

Although this action may be required of the Plaintiff under the Rules of Civil Procedure, this does not automatically allow the cost to be taxed to the United States. Section 1920 does not allow any and all costs that were necessary or required in litigation to be tax and explicitly delineates what can be taxed by the prevailing party. Section 1920 **only** allows court-appointed expert costs to be taxed. Thus, any expert reports by a non-court appointed experts are non-taxable. In addition, the Plaintiff also requested a total of $996.87 for the mediation costs. Again, Section 1920 does not allow for the recovery of the costs for mediation by a prevailing party, even if it was necessary or even required. Therefore, the total amount that should be taxed under Plaintiff's "Other Costs" is $0.00.

### IV. Conclusion

Accordingly, the following costs are **ORDERED** to be taxed to the United States pursuant to 28 U.S.C. § 1920:

| | |
|---|---|
| Fees of the Clerk: | $ 280.00 |
| Fees for Service of summons or subpoena: | $ 292.16 |
| Fees for printed or electronically recorded transcripts: | $ $14,047.71 |
| Fees and disbursements for printing: | $ 0.00 |
| Other costs: | $ 0.00 |
| **Total:** | **$14,619.87** |

The Clerk of the Court is directed to transmit copies of this Opinion and Order to counsel of record.

It is so **ORDERED.**

Dated: April 30, 2018

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE